[Cite as *State v. Powell*, 2022-Ohio-3005.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

LEONARD D. POWELL, JR.,

        Defendant-Appellant.

CASE NO. 2021-T-0058

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00787

**O P I N I O N**

Decided: August 29, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Leonard D. Powell, Jr., appeals the entry sentencing him to an aggregate term of 18 to 23 years of imprisonment. We affirm.

{¶2}    In 2020, the Trumbull County Grand Jury indicted Powell on one count of aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1) & (B) and one count of robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2) & (B).

{¶3}    Following plea negotiations, Powell entered guilty pleas to both counts. The trial court accepted the pleas, ordered a presentence investigation ("PSI"), and set the matter for sentencing. Thereafter, the trial court sentenced Powell to a prison term of 10

to 15 years on the aggravated burglary count and 8 years on the robbery count, to be served consecutively.

{¶4} Powell assigns one error:

{¶5} "The trial court erred when it sentenced appellant to consecutive prison terms when clearly and convincingly the record failed to support its findings."

{¶6} We review consecutive sentences under R.C. 2953.08(G) and R.C. 2929.14(C)(4). R.C. 2953.08(G)(2) provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶7} There is a statutory presumption that multiple prison terms are to be served concurrently. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

2

offender poses to the public, and if the court also finds any of the following:

* * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} Here, at the change of plea hearing, the state recited the factual basis of the indictment as follows. On October 9, 2020, Powell approached the front door of the 87-year-old victim's residence. The victim came to the door, and Powell asked her to sign a form on his cell phone regarding Covid. When the victim slightly opened the door, Powell forced his way into the victim's home, pushed the victim to the ground, and demanded money. The victim responded that she had no money. Powell told the victim that if she reported the incident to the police, he would kill her, and he then fled the scene. Police apprehended Powell a short time later.

{¶9} At sentencing, the trial court noted that Powell has an extensive criminal history, the victim is of advanced age and suffered physical injuries, and there existed jail incident reports regarding Powell's behavior stating that Powell made obscene gestures and comments to female corrections officers.[1] The court found that consecutive sentences were necessary to protect the public from Powell's future crime; consecutive

---

1. The PSI was not transmitted with the appellate record. Nonetheless, neither party disputes that the trial court accurately relayed those portions of the PSI that it referenced at sentencing.

3

sentences were not disproportionate to the seriousness of Powell's conduct and the danger he poses to the public; two of the multiple offenses were committed as part of the same course of conduct; a single prison term would not adequately reflect the seriousness of Powell's conduct; and Powell has a prior criminal history.

{¶10} On appeal, Powell does not specify which R.C. 2929.14(C)(4) factor was not supported by the record. Instead, Powell first cites a portion of the sentencing hearing where defense counsel indicated that his extensive criminal record consisted primarily of misdemeanors. However, the trial court is not confined to consideration of felony convictions, and Powell does not dispute his criminal history as recited by the trial court, including prior convictions for criminal trespass, arson, attempted burglary, burglary, receiving stolen property, and menacing by stalking.

{¶11} Powell next cites portions of the sentencing hearing wherein he denied the allegations contained in the jail incident reports. However, prior to discussion of the reports, the court noted that when Powell had previously undergone a mental competency evaluation in this case, he was described as "a malingerer because [he] was trying to make stuff up, pretend [he was] incompetent to try to avoid the criminal process." Then, when the court asked Powell about the allegations contained in the jail incident reports, Powell denied recollection of the incidents. The trial court discredited Powell's denial, noting "[y]ou conveniently forget everything that doesn't go in your favor, don't you?"

{¶12} Powell next argues that because he is required to register as a violent offender and is subject to mandatory post-release control, it is less likely that he would commit similar offenses after release, and he would continue to serve a lengthy prison term if the sentences were to run concurrently. However, Powell's speculation as to the

4

effect of registration and post-release control on the likelihood of recidivism does not persuade this court that the record clearly and convincingly fails to support the trial court's finding that consecutive sentences are necessary to protect the public.

{¶13} Accordingly, Powell's sole assigned error lacks merit, and the judgment is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.